NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2014[*]
Decided February 21, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2931

| | |
|---|---|
| PETER BEASLEY, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| | |
|     *v.* | |
| | No. 13-cv-1718 |
| SUSAN M. COLEMAN and RANDALL C. ROMEI, | |
| | James B. Zagel, |
|     *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Peter Beasley, the former representative of an estate in ongoing probate proceedings, filed a civil-rights suit on his own behalf against the Cook County judge and his previous attorney, Randall Romei, in those proceedings. He alleges that the two

---

[*] Coleman was not served with process in the district court and is not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is not necessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

conspired to violate his constitutional rights by having the judge (1) deny Romei's motion to withdraw as counsel, (2) bar Beasley from appearing pro se, (3) refuse to consider Beasley's fee petitions, (4) remove Beasley as the estate's representative without due process, (5) disregard Beasley's motion seeking the judge's recusal, and (6) deny Beasley's motion for reinstatement as the estate's representative. Beasley also alleges that Romei committed attorney malpractice and breached his fiduciary duty. The district court dismissed the action, and we affirm the judgment.

In the district court, Romei moved to dismiss the complaint under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. He argued that the *Rooker-Feldman* doctrine, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923), bars federal jurisdiction over the conspiracy claim. And, he added, Beasley could not invoke diversity and supplemental jurisdiction to bring into federal court the malpractice and fiduciary-duty claims. *See* 28 U.S.C. §§ 1332(a), 1367(a). Meanwhile Beasley moved for alternate service of process on the judge.

The district court addressed the motions. It dismissed the claims against Romei for lack of jurisdiction, and although the minute order says that the dismissal is "with prejudice," the court declined to rule on Romei's 12(b)(6) motion. The district court also declined to exercise supplemental jurisdiction over the state-law claims. Finally, the district court sua sponte dismissed the claims against the probate judge as frivolous because of judicial immunity. With nothing remaining in the case, the court denied Beasley's motion for alternate service of process on the judge. After Beasley moved to correct the judgment to a dismissal without prejudice and to reinstate the conspiracy claim against Romei, the district court granted Beasley's motion in part. It amended its order to specify that the dismissal was "for want of jurisdiction without determining the merits of any putative claim in the complaint," but the court declined to revive the conspiracy claim.

On appeal Beasley argues that the district court erred in ruling that it lacked jurisdiction to consider the civil-rights conspiracy claim against Romei. He argues that the district court mistakenly reasoned that it lacked jurisdiction over that claim simply on account of the probate judge's immunity. An immunity defense that belongs to one co-conspirator, he explains, does not defeat federal jurisdiction over claims against other co-conspirators. Romei responds that Beasley's argument is beside the point: the district court lacked jurisdiction because *Rooker-Feldman* prohibits federal courts from adjudicating conspiracy claims alleging injury resulting from the probate court's orders.

Beasley replies that *Rooker-Feldman* is inapposite because the probate proceedings are ongoing, a procedural fact that Romei does not dispute. (Beasley does not challenge the dismissal of his state-law claims.)

The district court correctly ruled that it lacks jurisdiction, although *Rooker-Feldman,* which the court did not expressly invoke, is not the reason. That doctrine is limited to cases in which "the losing party in state court filed suit in federal court after the state proceedings ended." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). Because those proceedings have not ended, the doctrine does not apply. *See Jones v. Brennan*, 465 F.3d 304, 305 (7th Cir. 2006). But the "probate exception" to federal jurisdiction does. *See id.* at 305–06. Under the probate exception, federal courts are prohibited from probating or annulling wills, administering estates, or "endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006); *Jones*, 465 F.3d at 306. Beasley's claim against Romei challenges how the probate court is administering the estate. To adjudicate that claim, while those proceedings continue, would be "tantamount to asking the federal district court to take over the administration of the estate." *Jones*, 465 F.3d at 307; *see Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007) (holding that, where guardianship proceedings were ongoing, district court lacked jurisdiction over suit against a court-appointed guardian challenging the guardian's treatment of plaintiff's mother). The claim therefore may not proceed.

In Beasley's view, if the district court lacked jurisdiction, it should have dismissed the suit without prejudice. But the district court granted Beasley's motion to correct the judgment to reflect that the dismissal was without prejudice. We have reviewed Beasley's other arguments; none has merit. Accordingly, we AFFIRM the judgment dismissing the case without prejudice for lack of jurisdiction.